UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHARLES WHITE,<br><br>    Plaintiff,<br><br>  vs.<br><br>JEFFREY A. UTTECHT,<br><br>    Defendant. | NO. CV-10-5076-EFS<br><br>**ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION WITHOUT PREJUDICE** |

    By this action, Mr. White appears to be alleging violations of his procedural rights under the Interstate Agreement on Detainers ("IAD"), 18 U.S.C., app. 2. If a state prisoner challenges the fact or duration of his confinement, or seeks a determination that he is entitled to release or a shortening of his period of confinement, his only federal remedy is a writ of habeas corpus, with its requirement of exhaustion of state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *see also Parette v. Lockhart*, 927 F.2d 366, 367 (8th Cir.1991) (citing *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484 (1973)) (A state prisoner must exhaust all available state remedies before filing a federal habeas petition attacking an out-of-state detainer).

    In his complaint, Mr. White indicates he has filed a grievance at the Coyote Ridge Correction Center. In response, he was advised his

ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION WITHOUT PREJUDICE -- 1

classification issue was not an appropriate subject for a grievance. Mr. White does not state what appropriate measures he has taken under the IAD.

A prisoner confined in one state may challenge a detainer lodged against him and the legality of the charge on which it was based by means of a petition for federal habeas corpus in the district where the prisoner is confined and also in the district where the detainer was issued. *Braden v. 30th Judicial Cir. Ct. of Kent.*, 410 U.S. 484. When a person brings an action in the district of confinement attacking a detainer lodged by another state, the court can transfer the suit to a more convenient forum. 28 U.S.C. § 1404(a); Braden, 410 U.S. at 499 n.15. Plaintiff has not filed an appropriate action in this Court and it does not appear a transfer of the action would be an effective use of judicial resources at this time.

Furthermore, a grant of *in forma pauperis* status in this action brought pursuant to 42 U.S.C. § 1983 would impose a financial obligation of $350.00 on Mr. White. Because it appears Plaintiff's choice to bring this as a civil rights matter, rather than as a habeas matter, was in error, **IT IS ORDERED** the application to proceed without pre-payment of the filing fee is **DENIED** and this action is **DISMISSED without prejudice** to Mr. White filing an appropriate action in an appropriate forum once he has exhausted his state court remedies.

///

///

///

///

ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION WITHOUT PREJUDICE -- 2

1  **IT IS SO ORDERED.**  The District Court Executive is directed to
2  enter this Order, enter judgment, forward copies to Plaintiff at his
3  last known address, and close the file.  The Court certifies any appeal
4  of this dismissal would not be taken in good faith.
5  **DATED** this ___8th___ day of July 2010.

6
7
8                              S/ Edward F. Shea
                              EDWARD F. SHEA
9                         United States District Judge
10
11  Q:\Civil\2010\10cv5076efs-7-7-denyifpdisIAD.wpd